Filed 9/26/24  P. v. Sandoval CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MANUEL FIGUEROA SANDOVAL,<br><br>Defendant and Appellant. | B331508<br><br>(Los Angeles County<br>Super. Ct. No. TA126752) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura R. Walton, Judge.  Affirmed.

Matthew Alger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Manuel Figueroa Sandoval appeals from the trial court's denial of his petition for resentencing under Penal Code section 1172.6[1] (former § 1170.95).[2]  Because defendant is ineligible for section 1172.6 relief as a matter of law, we affirm.

## BACKGROUND

In 2013, an information was filed charging defendant with second degree murder (§ 187, subd. (a)); unlawful possession of a firearm by a felon (§ 29800, subd. (a)(1)); and unlawful firearm activity (former § 29805).  It also alleged that defendant personally used and intentionally discharged a firearm, causing great bodily injury and death.  (§ 12022.53, subds. (b), (c) & (d).)

Later that year, a jury convicted defendant of all three offenses, and found the firearm allegations true.  The trial court sentenced defendant to a total of 40 years to life (15 years to life on the murder charge and a consecutive term of 25 years to life for the firearm enhancement).[3]

On direct appeal, we affirmed the judgment.  (*People v. Sandoval* (May 12, 2015, B254512) [nonpub. opn.] (*Sandoval*).)

Nine years later, defendant filed a petition for resentencing pursuant to section 1172.6.  The prosecution opposed the petition,

---

[1]    All further references are to the Penal Code unless otherwise indicated.

[2]    Effective June 30, 2022, former section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) For simplicity, we refer to the section by its new numbering.

[3]    Sentences on all other charges were stayed pursuant to section 654.

arguing that defendant was ineligible for section 1172.6 relief as a matter of law. As exhibits, it attached copies of the jury instructions given at trial, the verdict, and our prior opinion in defendant's direct appeal (*Sandoval*, *supra*, B254512). Defendant's appointed counsel filed a one-sentence written reply "submit[ting] on the prosecution's . . . response[.]"

In June 2023, the trial court denied defendant's petition. It "f[ound] that the defense has not met the threshold for a prima facie hearing based on the fact that . . . it was a one-defendant case." The court explained that defendant "was found [guilty] by a jury and was convicted of second degree murder . . . and the jury found true the allegations that in the commission of the murder, [defendant] personally and intentionally discharged a firearm, which caused great bodily injury and death to" the victim. Taken together, the verdict thus established that defendant was "the actual shooter because no other defendants were alleged to be involved."

Appellant timely appealed.

## DISCUSSION

### I. Applicable Law

Effective January 1, 2019, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Among other things, the bill amended section 188 to require that, when the felony-murder rule does not apply, a principal in the crime of murder "shall act

3

with malice aforethought" and "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)

"Section 1172.6 provides a mechanism whereby people 'who believe they were convicted of murder for an act that no longer qualifies as murder following the crime's redefinition in 2019[] may seek vacatur of their murder conviction and resentencing by filing a petition in the trial court.' [Citation.]" (*People v. Arnold* (2023) 93 Cal.App.5th 376, 382.)

In order to obtain resentencing relief, a defendant convicted of murder must allege that (1) an information was filed against him allowing the prosecution to proceed under a theory of murder under the felony murder rule, the natural and probable consequences doctrine, or any "other theory under which malice is imputed to a person based solely on that person's participation in a crime" (§ 1172.6, subd. (a)(1)); (2) he was convicted of murder (§ 1172.6, subd. (a)(2)); and (3) he could not now be convicted "because of changes to Section 188 or 189 made effective January 1, 2019" (§ 1172.6, subd. (a)(3)).

Upon the filing of a properly pleaded petition for resentencing, the trial court must conduct a prima facie analysis to determine the defendant's eligibility for relief. (§ 1172.6, subds. (b)(3) & (c).) "[T]he prima facie inquiry . . . is limited . . . '"[T]he court takes [a] [defendant]'s factual allegations as true and makes a preliminary assessment regarding whether the [defendant] would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause"'" and set the matter for an evidentiary hearing. (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).)

4

In making this assessment, the trial court may consider the defendant's record of conviction. (*Lewis*, *supra*, 11 Cal.5th at pp. 970–971.) As our Supreme Court explained in *Lewis*, "[t]he record of conviction will necessarily inform the trial court's prima facie inquiry . . . allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, *supra*, at p. 971.) However, "the court should not make credibility determinations or engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Id*. at p. 953.)

## II.    Standard of Review

We review de novo the trial court's denial of a section 1172.6 petition at the prima facie stage. (*People v. Coley* (2022) 77 Cal.App.5th 539.)

## III.   Analysis

### A.      *Reliance on Prior Appellate Opinion*

In 2021, the Legislature passed Senate Bill No. 775 (2021–2022 Reg Sess.) (Stats. 2021, ch. 551), which amended section 1172.6 to clarify that "the factual summary in a[] [prior] appellate opinion is not evidence that may be considered at an evidentiary hearing to determine a petitioner's eligibility for resentencing." (*People v. Flores* (2022) 76 Cal.App.5th 974, 988 (*Flores*); see § 1172.6, subd. (d)(3).) Several appellate courts have recently held that, "[b]y logical extension, the factual summary also may not be used to determine a petitioner's eligibility at the prima facie stage." (*People v. Lee* (2023) 95 Cal.App.5th 1164, 1183; see also, e.g., *Flores*, *supra*, 76 Cal.App.5th at p. 988.)

Defendant argues that the trial court violated this precept by improperly relying on the factual summary in *Sandoval*,

*supra*, B254512, to deny defendant's section 1172.6 petition. He is wrong.

The trial court based its denial on the procedural history of defendant's case. At the prima facie hearing, it did not so much as mention any of the facts underlying defendant's convictions. Instead, the court explained that it would deny the petition because (1) defendant was the sole person charged with the murder of the victim; (2) the jury found that defendant personally and intentionally discharged a firearm resulting in the victim's death; and (3) taken together, these two things established that defendant must have been the actual killer.

Even if the trial court took this information directly from our prior opinion—as opposed to the numerous other documents before it—both the number of persons charged with the victim's murder and the jury's verdict are procedural matters. And unlike factual summaries, the court is free to consider the "procedural history of the case recited in any prior appellate opinion" at any stage of section 1172.6 proceedings. (§ 1172.6, subd. (d)(3).) Accordingly, the court did not erroneously rely on our opinion in *Sandoval, supra,* B254512.

Defendant contends that the trial court should not have relied on *any* of the exhibits to the prosecution's opposition, presumably including the copy of our prior opinion in *Sandoval, supra,* B254512, because those exhibits were never properly authenticated. But defendant never objected to the submission of those documents, either in his written opposition to the prosecution's motion or orally at the prima facie hearing. His "failure to object . . . on grounds of . . . lack of authentication

6

procedurally bars him from asserting those contentions on appeal."[4]  (*People v. Farnam* (2002) 28 Cal.4th 107, 159.)

Alternatively, defendant insists that the trial court must have relied on the factual summary in our prior appellate opinion in some capacity, because any contrary suggestion would improperly imply that the trial court was derelict in its duty to read and consider all evidence presented to it.  Not so.  Courts routinely encounter and review pieces of evidence that they do not ultimately rely on to render judgment.  And defendant cites no legal authority for the novel proposition that a trial court necessarily relies on every portion of every piece of evidence presented to it by a party.  (*People v. Stanley* (1995) 10 Cal.4th 764, 793 ["'[E]very brief should contain a legal argument with citation of authorities on the points made.  If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration.  [Citations.]'"].)

### B.    *Firearm Sentence Enhancement*

Defendant also argues that the trial court improperly relied on the jury's firearm use finding to deny his section 1172.6 petition, citing case law holding that "an enhancement under section 12022.53, subdivision (d) does not in itself preclude a

---

[4]      This argument also fails on the merits, since the trial court could have gotten the same data it relied on—the number of persons charged with the victim's murder and the jury's findings—from other documents in the record, namely, the copy of the information and the 2013 minute order detailing the jury's verdicts.  If the trial court's sole error was taking procedural information from the prosecution's exhibits rather than the other places it appeared in the record, that error would be patently harmless.  (*People v. Watson* (1956) 46 Cal.2d 818, 836–837.)

petitioner from obtaining relief under section" 1172.6.  (*People v. Offley* (2020) 48 Cal.App.5th 588, 592 (*Offley*).)

It is true that the mere existence of "a [firearm] enhancement . . . does not establish as a matter of law that a defendant acted with malice aforethought."  (*Offley*, *supra*, 48 Cal.App.5th at p. 597.)  But where, as here, the jury finds that defendant was the only person charged who personally used a firearm to commit murder, that finding does establish that defendant was the actual killer.[5]  (Compare *People v. Garrison* (2021) 73 Cal.App.5th 735, 743–744 [although a personal gun use finding "does not automatically show the defendant is the actual killer . . . when the record shows only one person . . . used a gun . . . the true finding on a personal use enhancement demonstrates that th[at] p[erson] was the actual killer"] with *Offley*, *supra*, at p. 597 [reversing the denial of a defendant's resentencing petition because the jury's finding "showed only that a principal to the crime, not [the defendant] himself, fired [the murder] weapon"].)

Accordingly, the trial court did not err by determining that, in the context of this case, the jury's firearm finding establishes that defendant was the actual killer.  And as such, defendant is ineligible for resentencing relief under section 1172.6.  (*People v. Garcia* (2022) 82 Cal.App.5th 956, 973 ["As a matter of law,

---

[5]     Defendant suggests that only a review of the entire record of conviction could "foreclose the possibility . . . that [defendant] was subject to vicarious liability under an alternative theory that he was an aider and abettor who was responsible for someone else's acts."  The notion that defendant could have been convicted as an aider and abettor is wholly unsupported by the record; the jury at defendant's trial was not instructed on aiding and abetting liability.

resentencing relief under section 1172.6 is not available to an 'actual killer.'  [Citations.]"].)

We thus conclude that the trial court correctly denied defendant's resentencing petition at the prima facie stage.

**DISPOSITION**

The order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, Acting P. J.
ASHMANN-GERST


We concur:


_____, J.
CHAVEZ


_____, J.
HOFFSTADT